UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/20/19
```

RUTH SARIT, *on behalf of herself and others similarly situated*,

Plaintiff,

v.

WESTSIDE TOMATO, INC. *doing business as* ARTE CAFÉ, ROBERT MALTA, MARC LNU, and ERNESTO MATIAS LOPEZ,

Defendants.

No. 18-CV-11524 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Ruth Sarit filed this action on December 10, 2018, primarily alleging violations of Title VII, the Fair Labor Standards Act, and the New Yok Labor Law against her former employer. *See* Dkt. 1. On April 4, 2019, Defendants filed a motion to compel arbitration, attaching to their motion the Employee New Hire Pack, an agreement Plaintiff received and signed prior to commencing her employment, which contained a binding arbitration provision. *See* Dkts. 23, 23-4, 23-5. On April 18, 2019, Plaintiff filed a letter informing the Court that she did not oppose Defendants' motion to compel arbitration, but requesting that the Court retain jurisdiction "for any future actions." *See* Dkt. 24. The Court granted Plaintiff's request and stayed the case on April 19, 2019. *See* Dkt. 25.

On October 24, 2019, Plaintiff moved to reopen the case under Federal Rule of Civil Procedure 60(b), as well as for sanctions against Defendants. *See* Dkt. 26. According to Plaintiff, after she filed for arbitration with the American Arbitration Association ("AAA") on June 24, 2019, the AAA requested that Defendants pay "their share of the filing fees," in the amount of $1,900, yet Defendants have failed to do so. *Id.* at 2. Plaintiff asserts that the AAA "made no less

than six requests" to Defendants "to pay their share of the filings fees" between July 30, 2019 and October 7, 2019. *Id.* at 2-3. Defendants, however, repeatedly refused to pay the fee or otherwise substantively respond to the AAA's requests. Because Defendants failed to pay their share of the filing fees and Plaintiff could not "afford the arbitrators [sic] fees to unilaterally arbitrate the case," the AAA ultimately terminated the case on October 23, 2019. *Id.* at 3. The AAA stated that its reason for closing the case was because Defendants "ha[d] failed to submit the previously requested filing fee." *Id.* at Ex. 7. Plaintiff alleges that Defendants, "by refusing to pay their share of the arbitration," have defaulted in the arbitration. *Id.* at 4-5.

On November 6, 2019, Defendants filed a brief response to Plaintiff's letter motion. *See* Dkt. 30. Plaintiff replied on November 13, 2019. *See* Dkt. 31.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons, *see* Fed. R. Civ. P. 60(b)(1)–(5), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012) ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant.") (citation omitted). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). Although Rule 60(b) "is a 'grand reservoir of equitable power to do justice in a particular case,' . . . the party seeking to avail itself of the Rule [must still] demonstrate that 'extraordinary circumstances' warrant relief." *Id.* (citations omitted). Furthermore, a motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Court finds that relief under Rule 60(b)(6) is proper here. As an initial matter, Section 13 of the Employee New Hire Pack clearly provides: "Employer and Employee shall each pay one-half of the costs and expenses of such arbitration, and each party shall pay its own costs and

2

attorneys' fees, if any." Dkt. 23-4 at 6. Applicable rules under the AAA reinforce the conclusion that Defendants were obligated to pay the $1,900 amount. In particular, the AAA's Employment/Workplace Fee Schedule provides that in a single arbitrator employment dispute filed by the employee, the employee pays a "[n]on-refundable filing fee capped at $300," while the employer pays, among other things, a "[n]on-refundable filing fee of $1,900." *See* Dkt. 31 at Ex. A. Plaintiff submitted her portion of the arbitration filing fees on June 20, 2019. *See* Dkt. 26 at Exs. 3 & 6. Despite the plain language of the Employee New Hire Pack and the AAA rules, however, Defendants have apparently refused to pay any amount, let alone the $1,900 that was requested several times by the AAA. *See id.* Indeed, the AAA terminated the arbitration proceeding on October 23, 2019 because Defendants had "failed to submit the previously requested filing fee." *See id.* at Ex. 7.

Moreover, it was *Defendants* who moved to compel arbitration, not Plaintiff. Yet Defendants have offered virtually no explanation for their refusal to pay the requisite fees. In fact, in response to Plaintiff's letter motion, Defendants submitted a one-paragraph letter that not only misstates the facts, but also fails to cite any legal authority whatsoever for the misguided proposition that Plaintiff should bear the entire cost of the arbitration. Just because the AAA gave Plaintiff the option of paying the entirety of the fees does not mean that it was Plaintiff's obligation to do so. The opposite is true. *See Howard v. Anderson*, 36 F. Supp. 2d 183, 185 (S.D.N.Y. 1999) (in order to preserve Title VII's "remedial and deterrent function," courts have "held that arbitration agreements cannot impose steep filing fees . . . or shift fees so that plaintiffs are required to pay part of the arbitrator's compensation").

As Judge Oetken found on substantially similar facts in *Polit v. Global Foods International, Corp.*, No. 14-CV-7360 (JPO), 2016 WL 632251 (S.D.N.Y. Feb. 17, 2016), "this is an extraordinary case in which [Plaintiff] would suffer extreme hardship were relief denied" since

3

Plaintiff has "diligently pressed [her] claims" and "paid [her] share of the filing fees." 2016 WL 632251, at *2. To deny the Rule 60(b) motion would be to deny Plaintiff her "day in any judicial or arbitral forum" since Defendants "will have evaded the possibility of liability by demanding arbitration and then defaulting in the arbitration proceeding." *Id.* Defendants here have refused to pay their share of the arbitration costs—unreasonably—and have therefore defaulted in the arbitration proceeding. And, at the same time, Defendants have offered no legitimate explanation for their default. Reinstatement of the case is thus appropriate. *See id.*

Finally, while Defendants' conduct appears to "smack of an intentional pattern of gamesmanship and delay," *Stanley v. A Better Way Wholesale Autos, Inc.*, No. 17-cv-01215-MPS, 2018 WL 3872156, at *7 (D. Conn. Aug. 15, 2018), the Court declines to rule on Plaintiff's sanctions request at this time. *See Int'l Techs. Marketing, Inc. v. Verint Sys., Ltd.*, No. 15-cv-2457-GHW, 2019 WL 1244493, at *9 (S.D.N.Y. Mar, 18, 2019). The Court thus denies Plaintiff's request for sanctions without prejudice to renew, if appropriate, at a later date.

For the foregoing reasons, Plaintiff's motion to reopen the case is GRANTED, and Plaintiff's motion for sanctions in DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. 26.

The parties are directed to meet and confer about next steps in this case, and to jointly submit a proposed schedule to the Court no later than December 4, 2019.

SO ORDERED.

Dated: November 20, 2019
New York, New York

Ronnie Abrams
United States District Judge