

**LURIE STRUPINSKY** LLP

15 Warren Street, Suite 36
Hackensack, New Jersey 07601
*Phone 201-518-9999*

532 Union Street
Brooklyn, New York 11215
*Phone 347-770-7712*

*Fax 347-772-3074*
www.luriestrupinsky.com

**Joshua M. Lurie, Esq.** *(licensed in NY, NJ, VT)*
**Eugene Strupinsky, Esq.** *(licensed in NY)*

**Damian Albergo, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Michael J.S. Pontone, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Victoria Smolyar, Esq.** *(of Counsel, Licensed in NY, NJ)*

**Helen Dukhan, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Paul Hirsch, Esq.** *(of Counsel, Licensed in NY)*

December 6, 2019

**Via ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007

> Re:  <u>Sarit v. Westside Tomato, Inc.</u>, *et al.*
>       Civil Case No. 1:18-cv-11524-RA

Dear Judge Abrams,

I write to advise the Court with respect to why the proposed scheduling order has not been filed (a proposed form is filed hereto as annexed to this letter) and to request a hearing on same.

On November 20, 2019, in reopening the matter and denying sanctions, the Court ordered that the parties "meet and confer about [the] next steps in this case, and to jointly submit a proposed schedule to the Court no later than December 4, 2019."  Needless to say, the parties did not file the subject order – and we note that this is continuation of the Defendants' conduct which the Court already noted is "smack of an intention pattern of gamesmanship and delay."

On December 4, 2019, I provided the Defendants' counsel with a draft, very "vanilla," Case Management Plan and Order which simply followed the general rules of such orders with the understand that, as a class/collective action, the parties typically discuss scheduling of the motion during the actual Rule 16 conference with the Court.  However, Defendants' counsel neither responded nor even acknowledged that I had sent the proposed plan.  Giving that sometimes attorneys cannot respond the same date, I waited to see if a response was to be provided the following day – it wasn't.  Today, I appeared before Judge Failla in the morning and, upon my return, noted that there still has been no response from Defendants.

We cannot properly litigate this case if we are simply going to have a Defendant who refuses to proceed in good faith – notwithstanding if they think the claims are specious or otherwise.  They have not answered, they have not worked to file a case management plan and are simply returning to the practice of sticking their head in the sand.



Sarit v. Westside Tomato, et al.
Letter to Court re Case Management Plan
December 6, 2019
Page 2 of 2

We anticipate a similarly contemptuous and truculent response to this letter as in response to the motion to reopen.  However, we are constrained to file this letter and the proposed plan.

In addition to the plan, we request that the Court schedule a hearing and also direct that Defendants answer the Complaint by a date certain.

Respectfully,

Joshua M. Lurie, Esq.

JML:me
Enclosure

cc: Counsel (via ECF)