UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____
RUTH SARIT (on behalf of herself and others similarly situated),

              Plaintiff,

       -against-

WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ, ROBERT MALTA, MARC [LNU]; ERNESTO MATIAS LOPEZ, JOHN DOES 1-50 (principals, owners, managers, employees, representatives, and/or agents, partners, officers, directors, and/or holders of controlling interests in Arte Café), BUSINESS ENTITIES A-J corporations or other entities that are principals, owners or holders of controlling interests of Arte Café),

              Defendants.
_____

Case No. 1:18-cv-11524-RA

---

**DEFENDANTS BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS 1, 2 & 4 OF PLAINTIFF'S AMENDED COMPLAINT AS AGAINST DEFENDANTS MALTA AND ORNETTI**

Dated: June 9, 2020

Respectfully Submitted,

_____
Scott Levenson, Esq. BAR # 4422
625 W. 51st Street
New York, NY 10019
Tel. (212) 957-9200
Fax (201) 632-4822
Email slevensonesq@gmail.com
Counsel for Defendants

1

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ……………………..…………………………… 3

**PRELIMINARY STATEMENT** …………………………………………….. 4

**STATEMENT OF FACTS** ……………………………………………………. 4

**LEGAL ARGUMENT** …………………………………………………….. 6

**POINT I**
**THE COURT MUST DISMISS COUNTS 1 & 2 OF THE AMENDED COMPLAINT (FLSA & NYLL) AS AGAINST DEFENDANTS MALTA AND ORNETTI WITH PREJUDICE BECAUSE THE AMENDED COMPLAINT FAILS TO CURE THE PLEADING DEFICIENCIES WHICH CAUSED THE DISMISSAL OF THE ORIGINAL COMPLAINT AS AGAINST SAID DEFENDANTS** ………………………….

**POINT II**
**COUNT 4 OF THE AMENDED COMPLAINT (TITLE VII) MUST BE DISMISSED WITH PREJUDICE AS AGAINST DEFENDANTS MALTA AND ORNETTI BECAUSE SAID COUNT WAS DISMSSED WITH PREJUDICE FROM THE ORIGINAL COMPLAINT WITH NO LEAVE TO AMEND** …………………………………………………………… 7

**CONCLUSION** …………………………………………………………….. 12

# **TABLE OF AUTHORITIES**

Page

*Cases*
***Ashcroft v. Iqbal***, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ……………………………….  4,6,8
***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) …………………………………….  4,7,8
***Conley v, Gibson***, 355 U.S. 41, 45-46 (1957)……………………………………………..  6,7
***Cayemittes v. City of NY Dep't of Hous. Pres. & Dev***
641 F. App'x 60, 61-62 (2d Cir. 2016)……………………………………………………….   9
***Irizarry v. Catsimatidis***, 722 F. 3d 99, 105 (2d Cir. 2013)………………………………..   7
***Rogers v. City of Troy***, 148 F.3d 52, 55 (2d Cir. 1998)…………………………………….   8


*Statutes*
Fair Labor Standards Act 29 U.S.C. § 201, et. seq…………………………………………..   4
NY Labor Law § 190, et. seq ………………………………………………………………..   4
Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, et. seq ……………………   4

*Court Rules*
Rule 12(b)(6) of the Federal Rules of Civil Procedure …………………………………….. 4,6,10

## PRELIMINARY STATEMENT

Plaintiff, who was employed by Defendant, Westside Tomato, Inc. d/b/a Arte Café (hereinafter "Westside Tomato") for a period of approximately six (6) months brings a four-count Complaint alleging: (i) violations of the Fair Labor Standards Act 29 U.S.C. § 201, et. seq; (ii) violations of NY Labor Law § 190, et. seq.; (iii) retaliation in violation Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, et. seq; and (iv) Battery. All of Plaintiff's claims relate to her employment by Westside Tomato which employment ended on or about May 20, 2019. In lieu of an Answer, Defendant moved to dismiss Plaintiff's Complaint for failure to allege facts sufficient to support Plaintiff's asserted claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its opinion and order dated April 16, 2020 (the "Opinion and Order"), the Court dismissed the Complaint against Defendants Robert Malta and Marco Ornetti without prejudice as to Plaintiff's FLSA and NYLL claims (Counts 1 & 2) and granted Plaintiff leave to amend her complaint with regard to said claims; and further dismissed her Title VII claim (Count 4) against such defendants with prejudice.

Plaintiff's amended complaint fails to state a claim for relief against Defendants Robert Malta and Marco Ornetti under any of the above referenced Counts because Plaintiff has failed to allege a factual basis to support her claims under the pleading sufficiency standards established by *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007).

As result, Counts 1,2 & 4 of Plaintiff's Amended Complaint should be dismissed with prejudice as against Defendants Robert Malta and Marco Ornetti for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

## STATEMENT OF FACTS

Plaintiff, Ruth Sarit (hereinafter "Plaintiff"), was employed by Defendant, Westside Tomato, from on or about Nov, 13, 2017 to on or about May 20, 2018. During the period of her employment with Westside Tomato, Plaintiff was properly paid all compensation to which she was entitled. Plaintiff was terminated for good cause because: (i) she lied about and concealed the fact that she was married to another employee named Raudel Suarez; (ii) the other employees believed she was stealing tips; and (iii) she harassed, stalked, and assaulted another employee by the name of Solomiya Kopot. Plaintiff's termination was completely unrelated to her race, ethnicity, or complaints about other employees. At the time of her hire, Plaintiff was married to another employee at the same location named, Raudel Suarez. Mr. Suarez began working for the company at the same location on October 2, 2017, about one and half month's prior to the Plaintiff. Plaintiff violated company policy by accepting employment without disclosing that she was married to another employee as Westside Tomato has a "no fraternization" policy that discourages romantic relationships between employees. Had Plaintiff disclosed that she was married to another employee, she wouldn't have offered employment due to the company "no fraternization policy, and the inherent problems of couples working together. Plaintiff's claims of being harassed, discriminated against, and assaulted by Defendant, Ernesto Matias Lopez ("Lopez"), are baseless and false. When Plaintiff complained about an alleged incident involving Lopez, Westside Tomato's General Manager performed a thorough investigation that involved questioning the Plaintiff, Lopez, and the other employees. On the basis of said investigation, Westside Tomato determined Plaintiff's claims were false and baseless. The employer's investigation revealed that Lopez is of Salvadorian descent, and is also an Hispanic immigrant. The employer concluded that the assertion that one Hispanic immigrant would harass another

due to her national origin was not credible. In addition, in a police report filed due to the alleged harassment and battery she suffered, Plaintiff asserted she was assaulted by Lopez when he "pushed her in the kitchen." In the complaint filed in the instant action, Plaintiff alleges she was pushed by Lopez "in the bar area." (See Comp. at .par 24). The "bar area" of the restaurant is on the first floor of the restaurant and the kitchen is in the basement approximately 100 feet away. The true facts underlying this matter are that Plaintiff's husband, Raudel Suarez, was interested in dating another employee named Solomiya Kopot. Plaintiff's husband began sexually harassing Ms. Kopot when she rejected him.  Mr. Suarez would make inappropriate comments about Kopot's breasts among other sexually suggestive and inappropriate comments. When Plaintiff found out about her husband's interest in Kopot, Plaintiff embarked upon a campaign of harassment against Kopot that became so severe that Plaintiff tore Kopot's shirt and broke her sunglasses. When Kopot finally complained to Westside Tomato's General Manager, Plaintiff and her husband were fired. Plaintiff was terminated for good cause, and her firing had nothing to do with her national origin, or complaints that she had lodged about other employees.

## LEGAL ARGUMENT

### POINT I

**THE COURT MUST DISMISS COUNTS 1 & 2 OF THE AMENDED COMPLAINT (FLSA & NYLL) AS AGAINST DEFENDANTS MALTA AND ORNETTI WITH PREJUDICE BECAUSE THE AMENDED COMPLAINT FAILS TO CURE THE PLEADING DEFICIENCIES WHICH CAUSED THE DISMISSAL OF THE ORIGINAL COMPLAINT AS AGAINST SAID DEFENDANTS**

"In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of his claims which would entitle the plaintiff to relief," ***Conley v,***

*Gibson*, 355 U.S. 41, 45-46 (1957) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949.

In granting Defendant's motion to dismiss Counts 1 & 2 of the Complaint as against Defendants, Robert Malta and Marco Ornetti, the Court ruled "Plaintiff's FLSA and NYLL claims as against Defendants Malta and Marc [Ornetti] must be dismissed for failure to state a claim." (See Opinion and Order at pg. 11). The Court further held:

"To determine whether an individual defendant is an "employer" for purposes of FLSA, courts look to "the economic reality" of an employment relationship and, in doing so, consider four factors: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records" (citing *Irizarry v. Catsimatidis*, 722 F. 3d 99, 105 (2d Cir. 2013)).

In response to the Court's dismissal of Counts 1 & 2 of the complaint as against Defendants, Malta and Ornetti, Plaintiff amended her complaint to allege in pertinent part:

**16. Plaintiff was initially hired by Defendant Marco. Marco was also her direct supervisor and set her schedules and condition of employment. He was also the individual who actually terminated Plaintiff's employment as described more fully herein.**
**17. While present at Arte Café far less frequently, Malta was also directly involved in the operations of Arte Café and its employees.**
**18. Malta had the ability to hire and fire employees and regularly did so.**
**19. Upon information and belief, Malta, the owner of several restaurants in New York City which all operate under a single corporate structure, also maintained all employment records for all employees of Arte Café – including Plaintiff.**
**20. Upon information and belief, Marco, in conjunction with Malta, the owner of Arte Café, decided the payment of wages for employees including Plaintiff to be the minimum wage permissible for restaurant workers/servers plus applicable tips.** (See amended complaint at pgs. 3-4)

The allegations of the Amended Complaint as pertaining to Defendants Malta and Ornetti are wholly conclusory and fall short of satisfying the pleading sufficiency standards of *Iqbal* and *Twombly*, supra, with regard to the Plaintiff's stating of a prima facie case for violations of FLSA and NYLL with regard to the individual Defendants. The gravamen of Plaintiff's complaint in the context of her FLSA and NYLL claims is that Defendants failed to comply with "prompt payment requirements" of said statutes.  "In her opposition, Plaintiff clarifies that her FLSA and NYLL claims are based on Defendants' "failure to actually pay wages when due and owing," i.e., "The prompt payment requirement." (Opinion and Order at pg. 7). The court proceeds to observe "To determine whether FLSA's "prompt payment requirement" has been violated, courts look to "objective standards." (citing *Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) (quoting 29 U.S.C. § 206(b)). The amended complaint is devoid of any allegations as to what, if any, role defendants, Malta and Ornetti played in promptly paying (or not paying) the Plaintiff. As such, the amended complaint fails to plead a prima facie case for violations of FLSA and NYLL against these individual Defendants, and as a result, it should be dismissed with prejudice as against them.

**POINT II**

**COUNT 4 OF THE AMENDED COMPLAINT (TITLE VII) MUST BE DISMISSED WITH PREJUDICE AS AGAINST DEFENDANTS MALTA AND ORNETTI BECAUSE SAID COUNT WAS DISMSSED WITH PREJUDICE FROM THE ORIGINAL COMPLAINT WITH NO LEAVE TO AMEND**

The labeled "FOURTH CLAIM" of the Amended Complaint (which is really the third count because there is no third count) states in the heading that it is "Against Arte Café' Malta and Marc." The Court dismissed the Title VII claim against Malta and Marc [Ornetti] with prejudice holding "As a preliminary matter, however, individuals cannot be held liable under Title VII (citing *Cayemittes v. City of NY Dep't of Hous. Pres. & Dev.,* 641 F. App'x 60, 61-62 (2d Cir. 2016). The Court then proceeds to order "Plaintiff's Title VII claim is therefore dismissed as against Defendants Malta and Marc [Ornetti] (See Opinion and Order at pg. 14). In its conclusion, the Court rules "The Title VII claim asserted against Defendants Malta and Marc [Ornetti] is dismissed **with prejudice** (Opinion and Order at pg. 18). As such, the Title VII claim against Defendants, Malta and Ornetti in the Amended Complaint must likewise be dismissed with prejudice.

## **CONCLUSION**

In light of the arguments and authorities presented herein, this Court should grant Defendants' motion to dismiss Counts 1,2 & 4 of Plaintiff's Amended Complaint as against Defendants Malta and Ornetti with prejudice for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6), and award Defendants such other and further relief as the Court may deem just and equitable.

Dated: June 9, 2020

Respectfully Submitted,

_____
Scott Levenson, Esq. BAR # 4422
625 W. 51st Street
New York, NY 10019
Tel. (212) 957-9200
Fax (201) 632-4822
Email slevensonesq@gmail.com
Counsel for Defendants