

15 Warren Street, Suite 36
Hackensack, New Jersey 07601
*Phone 201-518-9999*

532 Union Street
Brooklyn, New York 11215
*Phone 347-770-7712*

*Fax 347-772-3074*
www.luriestrupinsky.com

**Joshua M. Lurie, Esq.** *(licensed in NY, NJ, VT)*
**Eugene Strupinsky, Esq.** *(licensed in NY)*

**Damian Albergo, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Michael J.S. Pontone, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Victoria Smolyar, Esq.** *(of Counsel, Licensed in NY, NJ)*

**Helen Dukhan, Esq.** *(of Counsel, Licensed in NY, NJ)*
**Paul Hirsch, Esq.** *(of Counsel, Licensed in NY)*

September 2, 2020

**Via ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007

   Re: Sarit v. Westside Tomato, Inc., et al.
      Civil Case No. 1:18-cv-11524-RA

Dear Judge Abrams,

  I write to respectfully request leave to amend the current amended complaint to assert claims for retaliation against the Defendants and to formally request that the Court reconsider its prior decision to not sanction the Defendants for conduct that "reeks of bad faith." Request is made herein as the discovery scheduling order at Paragraph 5 barred the Plaintiff from any further amendments without leave of Court.

  Yesterday, September 1, 2020, my client (who, consequently, now lives in Oklahoma with her husband who is serving in the Army), advised that her mother, still in New Jersey, was served with the within complaint which is annexed hereto as **Exhibit A**. As evident therein, these Defendants have brought a frivolous and fraudulent complaint against her and her husband claiming fraud for failing to advise her employer of her marital status.[1] The alleged policy, even if legal, was not provided with the claim, but we cannot imagine what possible damages they can seek in this instance. Even more infuriating, but not directly for this Court to address, is the fraudulent statement on the filing that there are no related cases.

  Thus, and for the reasons stated above, we are constrained to believe that the conduct of the Defendants is purely retaliatory in violation of the FLSA, and Plaintiff seeks leave to assert such claims in this lawsuit, as well as to be able to be reimbursed her legal fees for the defense of

---

[1] Indeed, the request for this information violates the New York Human Rights Law and Title VII and is deemed a discriminatory act.



Sarit v. Westside Tomato, et al.
Letter to Court re Motion to Amend for Retaliation
September 2, 2020
Page 2 of 2

such outlandish claims by the Defendants in this matter. Moreover, we will be moving to dismiss the New Jersey action in due course for lack of jurisdiction and other reasons.

    I thank the court for its consideration of the within request.  Should the Court have any questions, or wish to hold a pre-motion hearing, I am happy to make myself available for Your Honor.

                         Respectfully submitted,

                         Joshua M. Lurie, Esq.

JML:me
Enclosure

cc: Counsel (via ECF)

**EXHIBIT A**

**EXHIBIT A**

**SUMMONS**

Attorney(s) Scott Levenson, Esq.
Office Address 231 Oakdene Avenue
Town, State, Zip Code Cliffside Park, NJ 07010

Telephone Number (201) 788-5293
Attorney(s) for Plaintiff Westside Tomato, Inc.

Westside Tomato, Inc.

Plaintiff(s)

vs.

Raudel Suarez & Ruth Sarit

Defendant(s)

**Superior Court of New Jersey**

Hudson ☑ County
Law Division

Docket No: HUD-L-002964-20

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 08/19/2020

Name of Defendant to Be Served: Raudel Suarez

Address of Defendant to Be Served: 4310 Newkirk Avenue, North Bergen, NJ 07047

CN 10792-English (Appendix XII-A)

Scott Levenson, Esq. (ID#006351991)
LEVENSON LAW LLC
231 Oakdene Avenue
Cliffside Park, NJ 07010
Tel. (201) 788-5293
Fax (201) 632-4822
Email slevensonesq@gmail.com

| | |
|---|---|
| WESTSIDE TOMATO, INC. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | DOCKET NO.: |
| v. | COMPLAINT |
| RAUDEL SUAREZ & RUTH SARIT, | |
| Defendants. | |

Plaintiff, WESTSIDE TOMATO, INC., by its attorney, Scott Levenson, Esq., as its complaint against the Defendants, RAUDEL SUAREZ and RUTH SARIT, hereby alleges as follows:

## THE PARTIES

1. Plaintiff, Westside Tomato, Inc., is a New York corporation with its principal place of business located at 108 W. 73rd Street, New York, NY 10023.

2. Defendant, Raudel Suarez, is an individual who at all times hereinafter mentioned resided at 1412 11th Street, Apt. #2, North Bergen, NJ 07047, and who upon information and belief, currently resides at 4310 Newkirk Avenue, North Bergen, NJ 07047 (hereinafter "Suarez").

3. Defendant, Ruth Sarit, is an individual who at all times hereinafter mentioned resided at 117 68th Street, Apt. 2F, Guttenberg, NJ 07093, and who upon information and belief, currently resides at 6313 Broadway, Unit 2, West New York, NJ 07093 (hereinafter "Sarit").

## JURISDICTION AND VENUE

4. Both Defendants reside in this State and are therefore subject to personal jurisdiction herein pursuant to R. 4:4-4.

5. Venue is appropriate in Hudson County pursuant to R.4:3-2 as both Defendants reside in this County.

## FACTS COMMON TO ALL COUNTS

1. At all times hereinafter mentioned, Plaintiff, Westside Tomato, Inc., operated a restaurant at 108 W. 73rd Street, New York, NY 10010 under the name "The Arte' Café.

2. At all times hereinafter mentioned, Defendant, Suarez, was employed at Plaintiff's restaurant from on or about October, 2017 until May, 2018.

3. At all times hereinafter mentioned, Defendant, Sarit, was employed at Plaintiff's restaurant from on or about November 13, 2017 until May 20, 2018.

4. Defendants, Suarez and Sarit are hereinafter collectively referred to as the "Defendants."

5. Throughout the duration of their employment, the Defendants were aware that Plaintiff had a strict "anti-fraternization policy" that prohibited employees from becoming romantically involved with one another during the term of their employment.

6. Notwithstanding Plaintiff's "anti-fraternization policy," and Defendants' express agreement to be bound thereby, the Defendants were romantically involved prior to and during the term of their employment with Plaintiff.

7. Upon information and belief, during the term of their employment with Plaintiff the Defendants were either married or cohabitating, and upon further information and belief, the Defendants had a child together.

8. Had Plaintiff been aware of the romantic involvement between the Defendants, Plaintiff would never have hired Defendant, Sarit.

9. During the term of Defendants employment with Plaintiff, Suarez became romantically interested in another one of Plaintiff's employees named Solomiya Kopot ("Mia").

10. After Suarez expressed his romantic interest to Mia and she rebuffed his advances, Suarez began systematically sexually harassing Mia.

11. Suarez would make inappropriate comments about Mia's breasts among other sexually suggestive and inappropriate comments.

12. When Sarit found out about Suarez's romantic interest in Mia, Sarit embarked upon a campaign of stalking and harassment against her.

13. Sarit's stalking of Mia became so severe that Sarit even maliciously damaged Mia's personal property.

14. Suarez's sexual harassment and Sarit's stalking of Mia created a "hostile work environment" which caused other employees to quit, leaving Plaintiff's restaurant severely understaffed, and as a result, Plaintiff sustained significant losses.

15. Ultimately, Mia complained to Plaintiff's management about the Defendants actions against her as set forth above, and both Defendants were terminated.

## COUNT I

### (COMMON LAW FRAUD)

1. Plaintiffs repeat and re-allege each of the allegations included in the preceding paragraphs as if set forth at length herein.

2. Defendants were fully aware of Plaintiff's anti-fraternization policy at the time they fraudulently induced Plaintiff to hire them.

3.  Defendants were fully aware that Plaintiff would not have hired them if Plaintiff's management was aware that Defendants were romantically involved with each other.

4.  Defendant's knowingly and intentionally concealed their romantic involvement from Plaintiff in an effort to fraudulently induce Plaintiff to hire them.

5.  Defendant's acts of agreeing to be bound by Plaintiff's anti-fraternization policy while simultaneously being romantically involved, amounted to a material misrepresentation that was designed to induce Plaintiff to rely thereupon.

6.  Plaintiff did, in fact, rely on Defendants' misrepresentations, and as a result of such reliance, offered Defendants employment.

7.  Plaintiff relied on Defendant's misrepresentations to its detriment in that the "hostile work environment" that was created by Suarez's harassment of Mia, and Sarit's stalking of Mia, caused Plaintiff to suffer losses.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages, punitive damages, costs of suit, pre and post judgment interest, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT TWO

### (CIVIL CONSPIRACY)

1.  Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth at length herein.

2.  Defendants conspired with each other, and acted in concert to commit unlawful acts, as set forth above. Each of the Defendants shared the same conspiratorial objective, which was to fraudulently induce Plaintiff to hire them even though they were both fully aware that Plaintiff had an "anti-fraternization" policy that prevented employees from being romantically involved

with each other while employed. Each of the Defendants understood the objectives of the scheme, accepted them, and was an active and knowing participant in the scheme.

3. The Defendants' conspiratorial scheme was carried out by the commission of the wrongful and overt acts set forth above.

4. As a direct, proximate result of the operation and execution of the conspiracy, the Plaintiff has been injured and suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for damages, punitive damages, costs of suit, pre and post judgment interest, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Scott Levenson, Esq., is hereby designated as trial counsel for the Plaintiff in the above entitled matter.

Dated: August 15, 2020

_____
Scott Levenson, Esq.