Joshua M. Lurie, Esq. (JL0788)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 518-9999
Attorneys for Plaintiff

| | |
|---|---|
| RUTH SARIT (on behalf of herself and others similarly situated),<br><br>Plaintiff,<br><br>v.<br><br>WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ; ROBERT MALTA; MARCO ORNETTI; ERNESTO MATIAS LOPEZ; JOHN DOES 1-50 (principals, owners, managers, employees, representatives and/or agents, partners, officers, directors, and/or holders of controlling interests in Arte Café); BUSINESS ENTITIES A-J (corporations or other business entities that are principals, owners or holders of controlling interests of Arte Café),<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>CIVIL CASE NO. 1:18-cv-11524-RA<br><br>NOTICE OF MOTION |

**PLEASE TAKE NOTICE THAT** Plaintiff, Ruth Sarit, ("Plaintiff"), by and through her attorney, Joshua M. Lurie, Esq. will move this Court, upon the attached Memorandum of Law for and Order permitting Plaintiffs to amend their complaint pursuant to Fed.R.Civ.P. 15(a)(2) and L.R.Civ. 37.3. [1]

The grounds for this motion, as discussed in the accompanying Memorandum of Law are that the Defendant Arte Café, filed a retaliatory complaint in the Superior Court of New Jersey

---

[1] Plaintiff's counsel acknowledges that this is filed two days out of time. It was strictly a scheduling error at counsel's office and counsel respectfully requests that the Court accept this motion out of time.

against Plaintiff and her husband alleging fraud. The complaint in New Jersey is a proverbial carbon copy of the arguments made by the Defendants in support of their first motion to dismiss. The bringing of that case, by the same counsel, and without advising the NJ Courts of this matter – and fraudulently claiming that there are not related actions (which is a potential fraud upon that court). Notwithstanding, the claims are solely to retaliate and force Plaintiff and her husband to fight the same battle on two fronts, and provide the Defendant herein with a potential venue to argue facts that they may use in this matter to argue res judicata. The arguments there are compulsory counterclaims and, therefore, even if not retaliatory, should have been raised herein. Notwithstanding, the conduct of the Defendants throughout this litigation give substantial support for the position that this entire NJ matter is retaliatory and Plaintiff should be able to recoup her attorneys' fees for that matter.

DATED this **7th day** of **October 2020**.

                                                  Respectfully Submitted,

                                                  Lurie|Strupinsky, LLP
                                                  Attorney for Plaintiffs
                                                  15 Warren Street, Suite 36
                                                  Hackensack, New Jersey 07601
                                                  Ph. 201-518-9999

                                                  By: /s/ Joshua M. Lurie, Esq.
                                                         Joshua M. Lurie (JL7272)
                                                         jmlurie@luriestrupinsky.com