UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH SARIT (on behalf of herself and others similarly situated),<br><br>Plaintiff,<br><br>v.<br><br>WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ; ROBERT MALTA; MARCO ORNETTI; ERNESTO MATIAS LOPEZ; JOHN DOES 1-50 (principals, owners, managers, employees, representatives and/or agents, partners, officers, directors, and/or holders of controlling interests in Arte Café); BUSINESS ENTITIES A-J (corporations or other business entities that are principals, owners or holders of controlling interests of Arte Café),<br><br>Defendants. | CIVIL CASE NO. 1:18-cv-11524-RA |

Plaintiff, Ruth Sarit (hereinafter "Plaintiff" or "Sarit") pursuant to *Fed. R. Civ. P.* 15(a)(2) and the Local Rules of Civil Procedure, submit the following Memorandum of Law in support of their application to amend the Complaint.

**I.** **STATEMENT OF FACTS**

The Court is well aware of this matter and the continual delays and bad faith of Defendants. Now, after the time to amend a complaint without leave of Court had passed, Defendant Arte Café filed a fraud lawsuit in the Superior Court of New Jersey against Plaintiff and her husband. In doing so, they fraudulently misrepresented to the Court that no other related actions were pending. Similarly, the entirety of the arguments made therein were almost directly copied and pasted from

the claims made in opposition to Plaintiff's complaint in this matter as contained in their first motion to dismiss. The claims are undoubtedly retaliatory in nature.

Consistent with the Court's granting of leave to file the within motion, Plaintiff now moves to amend.

Plaintiff's counsel is cognizant that this is being filed out of time by two days and profusely apologizes for this oversight which was the result of mis-calendaring in-office and, as a result, the Plaintiff should not be penalized for this very small oversight which has been remedied as soon as feasible.

## II. LEGAL ARGUMENT

### A. Applicable legal standard.

"A party may amend his pleading once as a matter of right at any time before a responsive pleading is served, but otherwise may amend only with leave of the court." *Brodie v. New York City Transit Authority*, 96–CV–6813, 1998 WL 599710, at *7 (S.D.N.Y. Sept.10, 1998) (citing *Fed. R. Civ. P.* 15(a)(2). When a motion for leave to amend is filed, "[l]eave to amend shall be freely granted as justice requires, and should only be denied where amendment would be futile, where the motion was filed with undue delay, where it is sought in bad faith, or where it would prejudice the opposing party." *Id*.at *7 (citations omitted); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted).

### B. Plaintiffs' Amendment is Not and Would Not be Futile.

The first prong of the test to which the Court must consider is whether the new amended complaint would be futile. An amendment is futile if "the proposed claim could not withstand a *Fed. R. Civ. P.* 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796

F.Supp.2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)); *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The Court ... reviews proposed amendments for futility pursuant to Rule 12(b) ...."). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). When a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation omitted). On a motion to amend, "the Court is required to accept the material facts alleged in the amended complaint as true and draw all reasonable inferences in the plaintiff's favor." *Mendez*, 2 F. Supp. 3d at 451 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009)). Further, "Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *In re Pfizer Inc. Sec. Litig.*, No. 04 CIV. 9866 (LTS) (HBP), 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012).

Plaintiff is not aware of the total argument Defendant will make as to futility. The only argument that was raised during the defendants' response is that this matter would be futile. However, it is not.

The retaliation provision of the FLSA makes it "unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). "FLSA retaliation claims are subject to the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Mullins v. City of New*

*York*, 626 F.3d 47, 53 (2d Cir. 2010) (citation omitted). To make out a prima facie case of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.* (citation omitted). Similarly, the NYLL provides that an employer shall not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee ... because such employee has made a complaint ... that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]." N.Y.L.L. § 215(a)(1). The burden-shifting standard for a retaliation claim under the NYLL is the same as that under the FLSA. *See Santi v. Hot in Here, Inc.*, No. 18-CV-03028 (ER), 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019) (noting that FLSA and NYLL retaliation claims are governed by the same standard).

Plaintiff asserts that the purpose of the complaint (as it mimics the same arguments made in support of a motion to dismiss and filed by the same attorney as this matter) is retaliation.

Under the test set forth in *Mullins*, *supra*, it is the moving party's burden to show the progs are satisfied. Plaintiff is able to meet this burden.

"As a general matter, the Second Circuit has held that there is no bright line rule for determining 'whether the challenged employment action reaches the level of 'adverse,' and that courts must therefore 'pore over each case' to make this determination.'" Brown v. Snow, 2003 WL 1907974, at *3 (S.D.N.Y. Apr. 17, 2003).

The first part of the test is to show that the claims against the party seeking to enforce its right are not baseless. *See, e.g., Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 466–67 (S.D.N.Y. 2008) (assertion of "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not

arise strictly in an employment context"). *See also Chan v. Big Geyser, Inc.*, Slip Copy, 2018 WL 4168967 (S.D.N.Y. August 30, 2018); *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F. Supp. 2d 274, 279 (E.D.N.Y. 2013) (baseless claims against FLSA plaintiffs "can, under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation").

Based upon this standard, and the applicable facts, the Court should grant the amendment and find that Arte Café's claims are baseless – or potentially baseless – but, notwithstanding, the retaliation claims are properly in this matter.

### C. This Amendment is Not Filed in Bad Faith and is Timely

One of the bases for a district court to deny a motion to amend is due to there being undue delay in bringing the amendment or if the granting of such amendment would result in undue prejudice. "The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." <u>Davidowitz v. Patridge</u>, No. 08 Civ. 6962, 2010 U.S. Dist LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010) (citing <u>Evans v. Syracuse City Sch. Dist.</u>, 704 F.2d 44, 47 (2d Cir. 1983).

Neither standard applies as this application is being made as soon as the Plaintiff learned about the NJ Matter (notwithstanding its improper service).

### D. Defendant is not Prejudiced as a Result of Any Amendment

Defendant shall not be prejudiced as a result of the addition of claims. This matter has not even truly began due to Defendants' conduct in delay and obfuscation. Indeed, little has been done due to the pending motion to dismiss which will be moot by way of this amendment.

## Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant her application to amend consistent with *Fed. R. Civ. P.* 15.

DATED this **7th day** of **October 2020**.

        Respectfully Submitted,

        Lurie|Strupinsky, LLP
        Attorney for Plaintiffs
        15 Warren Street, Suite 36
        Hackensack, New Jersey 07601
        Ph. 201-518-9999

        By: /s/ Joshua M. Lurie, Esq.
            Joshua M. Lurie (JL7272)
            jmlurie@luriestrupinsky.com