Joshua M. Lurie, Esq. (045202006)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
(201) 518-9999
Attorneys for Plaintiff

| | |
|---|---|
| RUTH SARIT (on behalf of herself and others similarly situated), | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | CIVIL CASE NO. 1:18-cv-11524-RA |
| v. | |
| WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ; ROBERT MALTA; MARCO ORNETTI; ERNESTO MATIAS LOPEZ; JOHN DOES 1-50 (principals, owners, managers, employees, representatives and/or agents, partners, officers, directors, and/or holders of controlling interests in Arte Café); BUSINESS ENTITIES A-J (corporations or other business entities that are principals, owners or holders of controlling interests of Arte Café), | SECOND AMENDED COMPLAINT and JURY DEMAND |
| Defendants. | |

Plaintiff, Ruth Sarit ("Plaintiff" or "Sarit"), by way of Verified Complaint against the Defendants, say:

**<u>NATURE OF THE ACTION</u>**

1.      This is a matter related to discrimination in the workplace and retaliation as a result of exercising a protected activity, *to wit*, being terminated after advising the employer of discrimination, harassment and assault by another employee due to Plaintiff's national origin and gender.

2.      Further, this matter relates to a willful scheme on behalf of the business defendant to fail to pay employees all wages earned in violation of State and Federal Law.

3.      Further, as an amendment hereto, this matter seeks to stop retaliatory litigation against the named Plaintiff and her husband for bringing this action.

4.      Therefore, as to the collective and class action claims, Plaintiff seeks to right the wrongs by this employer in its failure to pay all wages earned, when earned, and which remain unpaid to this day.

## **PARTIES**

5.      Plaintiff Ruth Sarit is an individual and former employee of Defendants and resides at this time in Oklahoma with her husband who is now enlisted in the United States Military.

6.      Defendant Westside Tomato, Inc. d/b/a Arte Café ("Arte Café") is, upon information and belief, a New York for-profit domestic corporation with its principal address being located at 106 West 73rd Street, New York, New York.

7.      Defendant Robert Malta ("Malta") is a natural person, the principal of Arte Café, and is servable at 106 West 73rd Street, New York, New York and has supervisory control over Arte Café and is regularly engaged in its business operations.

8.      Defendant Marco Ornetti ("Marco") is a natural person and an employee of Arte Café as the restaurant's general manager and is otherwise servable at 106 West 73rd Street, New York, New York.

9.      Defendant Ernesto Matais Lopez ("Lopez") is a natural person, an employee of Arte Café, and is servable at 106 West 73rd Street, New York, New York.

10.     The John Doe and Business Entity Defendants are fictitious entities, named herein as they are currently unknown (if they exist at all) and are other people or entities that may be liable to Plaintiff for the injuries set forth in this complaint and to which an amended complaint may be necessary.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA), and violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII). As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

**FACTS**

13.     Defendant Arte Café is an Italian restaurant located in New York City.

14.     Defendant Arte Café is an enterprise engaged in commerce as set forth under the FLSA and, upon information and belief, annual gross sales in excess of $500,000.00.

15.     Plaintiff is a naturalized citizen of Dominican heritage with her national origin being the Dominican Republic.

16.     For all times relevant, Plaintiff was employed by Arte Café as a waitress being paid a hybrid of minimum salary in the amount of $8.65 per hour along with cash tips.

17.     Plaintiff was initially hired by Defendant Marco.  Marco was also her direct supervisor and set her schedules and condition of employment.  He was also the individual who actually terminated Plaintiff's employment as described more fully herein.

18.     While present at Arte Café far less frequently, Malta was also directly involved in the operations of Arte Café and its employees.

19.     Malta had the ability to hire and fire employees and regularly did so.

20.     Upon information and belief, Malta, the owner of several restaurants in New York City which all operate under a single corporate structure, also maintained all employment records for all employees of Arte Café – including Plaintiff.

21.     Upon information and belief, Marco, in conjunction with Malta, the owner of Arte Café, decided the payment of wages for employees including Plaintiff to be the minimum wage permissible for restaurant workers/servers plus applicable tips.

22.     Plaintiff was paid weekly by way of payroll.

23.     At the beginning of her employment, Plaintiff signed a wage notice form as set forth under the New York Labor Law indicating that she was being paid weekly.

24.     In late April 2018, Arte Café changed the methods in which payment was being made such that it removed the consistency and understanding of the pay cycle for its employees.

25.     Similarly, when this payroll switch took place, Arte Café utilized this as an opportunity to steal the wages from its employees such as Plaintiff.

26.     This process took place, as discussed below, after an occurrence where Arte Café lacked sufficient funds to make payroll in full to their employees and failed to take any actions to reimburse the Plaintiff or those similarly situated for their unpaid wages.

**The Assault and Discrimination in the Workplace/Retaliation**

27.     During this same time frame that Plaintiff was employed by Arte Café, Defendant Lopez was also employed by Arte Café as a bartender.

28.     Early on in Plaintiff's employment, beginning on or about March 1, 2018, Lopez began a campaign of harassment against Plaintiff, making numerous derogatory comments about her as a result of her national origin.

29.     Numerous times, Plaintiff raised these issues of discrimination in the workplace to Marc who simply ignored the complaints.

30.     On or about April 15, 2018, Lopez physically assaulted Plaintiff by pushing her at the bar area because Lopez refused to fill a wine order of Plaintiff and, therefore, Plaintiff – as she was instructed by her employer – filled her own table's wine glass.

31.     While assaulting Plaintiff, Lopez made other disparaging comments about her national origin.

32.     Plaintiff advised her manager, Marco, of this assault.

33.     Marco had the ability to terminate employees and had done so in the past.

34.     Notwithstanding that Plaintiff made a direct allegation to her direct supervisor who was in charge of the day-to-day operations of Arte Café and its employees, he refused to take any action and specifically ignored her complaints.

35.     On May 18, 2018, Plaintiff was again assaulted by Lopez who struck her in her back near the bar area.

36.     Again, on May 18, 2018, Plaintiff told her employer, including Marco, of what occurred.  This time, Plaintiff advised Marco that if actions were not taken, she would go to the police.

37.     Marco refused to take action, made clear that they would take no action against Lopez, and made other disparaging comments about Plaintiff.

38.     Plaintiff went to a local police department which took a report.

39.     One week after the incident in the preceding paragraphs that resulted in the police report, Plaintiff was terminated from her job.

40.     Plaintiff's fiancé, also employed by Arte Café, was also terminated at that time for no reason.

41.     Plaintiff, while employed, was subject to harassment and discrimination in the workplace as a result of her national origin in violation of Title VII.

42.     Similarly, her termination was the result of her complaints about being discriminated in the workplace and is, thus, retaliation in violation of Title VII.

43.     As a result of this improper termination, Plaintiff was unemployed for a period of time and lost significant income as a result of the difference between her prior wages and the unemployment insurance that she obtained.

44.     Thereafter, and as a direct and proximate result of the institution of this complaint in Court, Defendant Arte's Café filed a complaint in the Superior Court of the State of New Jersey alleging certain fraudulent conduct (the "NJ Matter").

45.     The allegations of fraudulent conduct in the NJ Matter are the exact same arguments that were made by Arte's Café in this matter as defenses to the discrimination and wrongful termination claims.

46.     Plaintiff (and her husband who are class members) would not have been subject to such claims had they not brought this case and these claims are retaliatory in nature.

## **FLSA, NYLL and Class/Collective Claims**

47.     Arte Café constantly had financial issues and difficulty paying its employees in full.

48.     Frequently, Arte's Café attempted to devise methods to avoid paying their employees their wages, or all wages due and owing, including overtime as required.

49.     For example, during the week of April 4-9, 2018, Arte Café told its employees that it did not have sufficient funds to pay the payroll.

50.     Plaintiff protested the failure to pay all wages due and owing.

51.     Arte Café advised its employees that it would pay all funds due and owing by April 15, 2018, however, to date, Plaintiff, and other similarly situated, only received their cash tips and not the statutorily obligated amount of salary.

52.     Notwithstanding the failure to pay, taxes were withheld from Plaintiff from the cash tips received.

53.     Similarly, around this same time frame, and shortly after failing to pay all wages due and owing Arte Café verbally advised its employees that it was switching its pay cycle from a weekly payroll to a biweekly payroll.

54.     However, this was not apparently done.  Rather, payments were simply deferred, some weeks were missed, payroll records were not reflective of date or times worked, and payment was made as much as twelve (12) days after the work was performed.

55.     Similarly, the payroll records did not reflective of any change to the wage notice as required under the New York Wage Theft Act when a change is made without providing of a new wage statement.

## Class Action Claims

56.     Plaintiff incorporates the facts set forth above herein by reference and as if stated in full.

57.     Ms. Sarit brings her claims pursuant to Fed.R.Civ.P. 23, on behalf of all non-exempt persons employed by Defendants Entities on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

58.     All said persons, including Ms. Sarit, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, the rate of pay and frequency thereof for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed.R.Civ.P. 23.

59.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than fifteen (15) members of the class.

60.     Sarit's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

61.     All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay their appropriate wages within a reasonable timeframe.

62.     Defendants' corporation wide policies and practices, including but not limited to their failure to pay all wages due as earned and when earned, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

63.     Sarit and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

64.     Sarit is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

65.     Sarit is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants.

67.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

68.     The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

69.     Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

70.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which

they were not parties. The issues in this action can be decided by means of common, class-wide proof.

71.     In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72.     At this juncture, the Proposed Class is initially defined as:

> All non-exempt employees of Westside Tomato, Inc. d/b/a Arte Café who, in the preceding six (6) years, were not paid all wages due and owing, including "cash tips", when earned, or had their pay unreasonably delayed

73.     Excluded from the Class are all employees who:

a.   Are exempt;

b.   Not paid a mixed wage of salary and cash tip;

c.   We paid all wages due and owing in the time proscribed pursuant to the FLSA and/or NYLL.

74.     Plaintiff does not anticipate any difficulty in the management of this litigation

## **Collective Action Claims**

75.     Plaintiff incorporates the facts set forth above herein by reference and as if stated in full.

76.     Plaintiffs seek to bring this suit to recover from Defendants unpaid compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. SS 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Arte Café and/or predecessor companies, who during the applicable limitations period, performed any work for Arte Café as servers, bartenders, kitchen staff, hosts, or in a similar role, who were not paid appropriate compensation for all hours in a work week and who consent to file a claim to recover damages for lack of payment that is legally due to them ("FLSA Plaintiffs").

77.     Arte Café treated Plaintiffs and all FLSA Plaintiffs similarly in that they: (a) performed similar tasks and job functions; below; (b) were subject to the same laws and regulations; (c) were paid in the same or similar manner; and (d) were not paid for certain weeks within a reasonable amount of time.

**FIRST CAUSE OF ACTION**
**(FLSA – FAILURE TO PAY WAGES)**
**Against Arte Café, Malta and Marco**

78.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

79.     Arte Café violated the FLSA by failing to compensate Plaintiff and those similarly situated for all hours worked, each work week, as earned in violation of 29 U.S.C. §§ 201, *et seq.*.

80.     Arte Café required failed to compensate Plaintiffs for hours worked, stating they did not have the money available to pay Plaintiffs.

81.     At least one work week was unpaid and, thus, minimum wage was not paid for services provided.

82.     Arte Café's conduct and payroll practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     Both Malta and Marco are "employers" as defined under the FLSA as they had the ability to hire and fire employees – and regularly exercised that discretion, supervised the operations of the restaurant and had control over the employees work schedule and the conditions of employment, had the ability to determine the rate or method of employees compensation at the restaurant – which was regularly exercised, and maintained the employment records of all employees of Arte Café.

84.     As a result of the conduct of these defendants, Plaintiff, and those similarly situated, including members of the class and collective action members have been harmed and damaged and are entitled to treble damages, costs and attorney's fees for all amount unpaid.

## SECOND CAUSE OF ACTION
### (NYLL VIOLATIONS)
### Against Arte Café, Malta and Marco

85.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

86.     Arte Café violated the NYLL §§ 190, *et seq.* by failing to compensate Plaintiffs for all hours worked, each work week, on its regularly designated payment date.

87.     In at least one work week, Plaintiff, and those similarly situated, were not paid wages and thus minim wages as required were left unpaid.

88.     Arte Café violated NYLL by failing to compensate Plaintiffs within a timely manner that would be consider reasonable.

89.     Arte Café's conduct and payroll practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

90.     Both Malta and Marco are "employers" under the NYLL as they had the ability to hire and fire employees – and regularly exercised that discretion, supervised the operations of the restaurant and had control over the employees work schedule and the conditions of employment, had the ability to determine the rate or method of employees compensation at the restaurant – which was regularly exercised, and maintained the employment records of all employees of Arte Café.

91.     As a result of the conduct of these defendants, Plaintiff, and those similarly situated, including members of the class and collective action members have been harmed and damaged and are entitled to treble damages, costs and attorney's fees for all amount unpaid.

### FOURTH CLAIM
### (RETALIATION IN VIOLATION OF TITLE VII)
### Against Arte Café

92.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

93.     Plaintiff suffered discrimination in the workplace as a result of her being a member of a protected class, *to wit* her national origin.

94.     Plaintiff was an individual engaged in prior protected activity, which was, in this case, her employment at Arte Café as a waitress.

95.     During the time of her employment, Plaintiff withstood harassment by a coworker.

96.     During the time of her employment, Plaintiff brought the harassment to management.

97.     During the time of her employment, after the second incident, Plaintiff stated that she would file a police report regarding the harassment to her local station.

98.     Arte Café failed to act regarding the harassment that Plaintiff was experiencing.

99.     Plaintiff filed a police report at her location station regarding the harassment in the workplace.

100.    Plaintiff went to work the following week and was dismissed.

101.    Arte Café's actions in terminating Plaintiff was a materially adverse action because an applicant or employee asserts rights protected by under Title VII.

102.     Similarly, as a direct and proximate result of the bringing of these claims under Title VII, Arte Café brought the NJ Matter against Plaintiff and her husband.

103.     The filing of the NJ Matter is retaliatory and brought solely because Plaintiff filed the within matter.

104.     By reason of these unlawful acts, Arte Café is liable to Plaintiff for damages, costs and counsel fees.

**FIFTH CLAIM**
**(BATTERY)**
**Against Lopez**

105.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

106.     Plaintiff was the victim of assault and battery by Lopez causing pain by way of his intentionally physical contact to her for the purpose of causing pain or distress.

107.     As a result of Lopez's assault of Plaintiff, she is entitled to damages.

**SIXTH CLAIM**
**(RETALIATION UNDER THE FLSA)**
**Against Arte Café**

108.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

109.     Subsequent to the filing of this complaint, and in specific retaliation for these claims, using the same attorneys defending them in the within action, brought a claim alleging fraud against Plaintiff and her husband that mimic those arguments made as an affirmative defense for this complaint and as raised in certain motion practice.

110.    The FLSA provides protection against employers filing actions that are retaliatory for bringing a FLSA claim against their employer – even after they are terminated – if such claim is not brought in good faith or various other reasons.

111.    Had Plaintiff not brought this case, Arte Café would not have filed this complaint. There is a direct and causal relationship for Defendant's filing of the NJ Matter.

112.    As a result of this retaliation, Plaintiff has been harmed and damaged.

### SEVENTH CLAIM
### (RETALIATION UNDER THE NYLL)
### Against Arte Café

113.    Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

114.    Subsequent to the filing of this complaint, and in specific retaliation for these claims, using the same attorneys defending them in the within action, brought a claim alleging fraud against Plaintiff and her husband that mimic those arguments made as an affirmative defense for this complaint and as raised in certain motion practice.

115.    The NYLL at § 215(a)(1) provides protection against employers filing actions that are retaliatory for bringing a NYLL claim against their employer – even after they are terminated – if such claim is not brought in good faith or various other reasons.

116.    Had Plaintiff not brought this case, Arte Café would not have filed this complaint. There is a direct and causal relationship for Defendant's filing of the NJ Matter.

117.    As a result of this retaliation, Plaintiff has been harmed and damaged.

**WHEREFORE**, Plaintiffs, respectfully requests that the Court enter judgment in her favor, and on behalf of the class, and against the Defendant, as follows:

A.  Compensatory damages;

B.  Treble damages pursuant to 29 U.S.C. § 216 for Plaintiff as well as all class or collective action members for unpaid wages as liquidated damages along with counsel fees and costs;

C.  Treble damages pursuant to NYLL § 198 for Plaintiff as well as all class or collective action members for unpaid wages as liquidated damages along with counsel fees and costs;

D.  Compensatory and punitive damages of $50,000.00 for violations of Plaintiff's civil rights in employment pursuant to 42 U.S.C. § 1981a along with counsel fees and costs of suit;

E.  Compensatory and punitive damages for the assault and battery;

F.  Prejudgment and post-judgment interest;

G.  Counsel fees and costs of suit; and

H.  Any such other relief as the Court deems just and reasonable.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues presented herein.

Dated: January 14, 2021
Hackensack, New Jersey

Respectfully submitted,
 /s/ Joshua M. Lurie
Joshua M. Lurie, Esq. (JL0788)
Lurie|Strupinsky, LLP
(c/o Pontone Law)
One Liberty Plaza,
New York, New York 10006
Ph. (201) 518-9999
Attorney for Plaintiffs
jmlurie@luriestrupinsky.com