# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH SARIT (on behalf of herself and others similarly situated), | : Case No. 1:18-cv-11524-RA |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ, ROBERT MALTA, MARC ORNETTI, ERNESTO MATIAS LOPEZ, JOHN DOES 1-50 (principals, owners, managers, employees, representatives, and/or agents, partners, officers, directors, and/or holders of controlling interests in Arte Café), BUSINESS ENTITIES A-J corporations or other entities that are principals, owners or holders of controlling interests of Arte Café), | : |
| | : |
| | : ANSWER TO SECOND AMENDED |
| | : COMPLAINT, COUNTERLCAIM & |
| | : THIRD PARTY COMPLAINT |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |
| | : |

Defendants, WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ, ROBERT MALTA, MARC ORNETTI and ERNESTO MATIAS LOPEZ ("Defendants"), by their attorney, Scott Levenson, Esq. respond to the Second Amended Complaint with the following Answer, Affirmative Defenses, Counterclaim, and Third Party Complaint:

Defendants responds to the specific allegations of the Complaint as follows, provided that allegations not expressly admitted, are denied.

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

1

2.      Paragraph 2 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint, but admit that defendant, Robert Malta, is the principal of Arte Café.

8.      Defendants admit the allegations of paragraph 8 of the Complaint.

9.      Defendants deny the allegations of 9 of the Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     Paragraph 11 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

## FACTS

13.     Defendants admit the allegations of paragraph 13 of the Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants admit that Malta had the ability to hire and fire employees, but deny that he regularly did so.

20.     Defendants deny the allegations of paragraph 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants deny the allegations of paragraph 30 of the Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Complaint.

42.     Defendants deny the allegations of paragraph 42 of the Complaint.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Defendant, Westside Tomato, Inc., admits that it filed an action in New Jersey but denies that the same was retaliatory or that it was a direct and proximate result of the filing of this complaint. Defendants further state that the New Jersey action was filed to seek a legal remedy for the fraudulent conspiracy engaged in by Plaintiff and the third-party defendant which caused said Defendant damages as set forth below.

45.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Complaint.

49.     Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

57.     Paragraph 57 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Complaint.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

76.     Paragraph 76 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

**FIRST CAUSE OF ACTION**
**(FLSA – FAILURE TO PAY WAGES)**
**Against Arte Café, Malta and Marco**

78.     Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint

as if fully set forth at length herein.

79.     Defendants deny the allegations of paragraph 79 of the Complaint.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Complaint.

82.     Defendants deny the allegations of paragraph 82 of the Complaint.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

**SECOND CAUSE OF ACTION**
**(NYLL VIOLATIONS)**
**Against Arte Café, Malta and Marco**

85.     Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint

as if fully set forth at length herein.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Complaint.

88.     Defendants deny the allegations of paragraph 88 of the Complaint.

89.     Defendants deny the allegations of paragraph 89 of the Complaint.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Complaint.

**FOURTH CLAIM**
**(RETALIATION IN VIOLATION OF TITLE VII)**
**Against Arte Café**

92.     Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Defendants deny the allegations of paragraph 96 of the Complaint.

97.     Defendants deny the allegations of paragraph 97 of the Complaint.

98.     Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations of paragraph 101 of the Complaint.

102.    Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Defendants deny the allegations of paragraph 103 of the Complaint.

104.    Defendants deny the allegations of paragraph 104 of the Complaint.

**FIFTH CLAIM**
**(BATTERY)**
**Against Lopez**

105.    Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

106.    Defendants deny the allegations of paragraph 106 of the Complaint.

107.   Defendants deny the allegations of paragraph 107 of the Complaint.

## SIXTH CLAIM
### (RETALIATION UNDER THE FLSA)
### Against Arte Café

108.   Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

109.   Defendants deny the allegations of paragraph 109 of the Complaint.

110.   Paragraph 110 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.   Defendants deny the allegations of paragraph 111 of the Complaint.

112.   Defendants deny the allegations of paragraph 112 of the Complaint.

## SEVENTH CLAIM
### (RETALIATION UNDER THE NYLL)
### Against Arte Café

113.   Defendants repeat and re-allege their answers to all previous paragraphs of the Complaint as if fully set forth at length herein.

114.   Defendants deny the allegations of paragraph 114 of the Complaint.

115.   Paragraph 115 of the Complaint states a legal conclusion as to which no response is required; to the extent a response is required, Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.   Defendants deny the allegations of paragraph 116 of the Complaint.

117.   Defendants deny the allegations of paragraph 117 of the Complaint.

## GENERAL DENIAL

118.    Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any

burden of production or proof that they would not otherwise bear.

119.    The Complaint fails, in whole or in part, to state a claim upon which relief may be

granted.

120.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

121.    Plaintiff cannot establish a willful violation within the meaning of the Fair Labor

Standards Act ("FLSA") or the New York Labor Law ("NYLL").

122.    Plaintiff is not entitled to liquidated damages, pursuant to 29 U.S.C. § 260, because at all

times Defendants acted in good faith and had reasonable grounds for believing that their acts

and/or omissions were not a violation of the FLSA.

123.    Plaintiff is not entitled to liquidated damages under the NYLL, because he cannot

establish a willful violation of the NYLL.

124.    Plaintiff cannot recover wages for any hours worked which were not reported in

accordance with any applicable policies or procedures.

125.    This action is barred, in whole or in part, by the doctrines of waiver, laches, estoppel

 and/or unclean hands.

126.    Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to

mitigate or avoid the damages complained of in the Complaint, if any.

127.    Defendants have met and satisfied any and all obligations to Plaintiff which arose out of

and during her employment and, therefore, this action is barred, in whole or in part, by the

doctrines of accord and satisfaction.

128.    Defendants have made payment to Plaintiff of all sums which may have been due under the FLSA and the NYLL and their corresponding regulations.

129.    Some or all of Plaintiff's claims may be subject to the de minimis rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

130.    Plaintiff's FLSA claims are barred to the extent that the acts or omissions complained of were taken in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies thereof.

131.    Plaintiff's NYLL claims are barred to the extent that any acts or omissions on the part of Defendants were in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approval, or interpretation of administrative practices or enforcement policies, and Defendants had reasonable grounds for believing that its acts or omissions were not in violation of the NYLL.

132.    The individual Defendants are not and were not an "employer" within the meaning of the statutes alleged, during the periods alleged in the Complaint, in whole or in part.

133.    The individual Defendants have no personal liability under the legal theories and/or factual allegations asserted by the Plaintiff.

134.    The individual Defendant has and had no intention to violate any provision of the FLSA, NYLL, or any other statute, and did not willfully violate the FLSA, NYLL, or any other statute.

135.    To the extent Defendants failed to provide Plaintiff with wage statements required by NYLL §195(3), Plaintiff is not entitled to any damages as Defendants made complete and timely

payment of all wages due pursuant to the NYLL.

136.     Defendants do not constitute employers within the meaning of the FLSA and

NYLL.

137.     Plaintiff's claims are barred, in whole or in part, to the extent that they were not filed

within the applicable statute of limitations and/or administrative filing periods.

138.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to timely and

properly exhaust all necessary internal, administrative, statutory and/or jurisdictional

prerequisites for the commencement of this action.

139.     The decisions and actions or failures to act, if any, respective of Plaintiff and his

employment were not motivated by discrimination or retaliation but were justified by legitimate,

non-discriminatory, and non-retaliatory reasons.

140.     Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged

discriminatory, harassing and/or retaliatory conduct as alleged by Plaintiff.

141.     The Defendants are not properly named because they are not Plaintiff's "employer"

within the    scope of applicable law.

142.     Plaintiff's claims are barred, in whole or in part, because Defendants were not  aware of

the alleged discriminatory/retaliatory behavior and/or did not encourage, condone, ratify,

acquiesce, or approve any alleged discrimination/retaliation.  To the extent that any employees

engaged in any conduct that may be construed as having violated the law, such actions were

outside the scope of their employment, were contrary to policies and directives, and not done in

the furtherance of business interests.

143.    Plaintiff's claims are barred, in whole or in part, because Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory/retaliatory and or harassing practices by employees.

144.    Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly corrected any discriminatory/retaliatory behavior, and/or  Plaintiff unreasonably failed to take advantage of those preventative or corrective opportunities or  otherwise avoid harm.

145.    Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices, including harassment, by employees and agents, including but not limited to:

      (a)    a meaningful and responsive procedure for investigating complaints of discriminatory practices, including harassment, by employees and agents and for taking appropriate action against those persons who are found to have engaged in such practices;

      (b)    a firm policy against such practices which is effectively communicated to employees and agents;

      (c)    a program to educate employees and agents about unlawful discriminatory practices, including harassment, under local, state and federal law; and

      (d)    procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

146.    There is no record of prior incidents of discriminatory conduct by some or all of the employee(s) that Plaintiff alleges discriminated against her.

147.    Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not (which the Defendants deny), then the same actions would have been taken regardless.

148.    To the extent Plaintiff is seeking punitive damages, Defendants did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

149.    The Complaint is barred, in whole or in part, by Plaintiff's own conduct, contributory and/or comparative fault and/or because he consented to, encouraged, or voluntarily participated in any alleged actions taken.

150.    If Plaintiff suffered any damages, such damages were proximately or legally caused by his own conduct and, accordingly, any award of damage must be reduced, in whole or in part.

151.    Plaintiff's claims fail to the extent that after-acquired evidence bars his entitlement to relief.

152.    To the extent that Plaintiff engaged in misconduct, fraud, or other conduct prior to, during, or in connection with his employment that otherwise would have resulted in his separation  if such conduct were then known to Defendants, any remedy otherwise available to Plaintiff in this  action is limited by the after-acquired evidence doctrine.

153.    To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendants, such acts, if any, were outside the scope of their authority, were neither authorized, ratified nor condoned by Defendants, nor did Defendants know or have reason to be aware of such conduct.

154.    Defendants afforded Plaintiff the equal benefit and protection of all laws, the right to make and enforce contracts, the equal employment of all benefits, privileges, terms and conditions of the contractual relationship enjoyed by all employees.

155.    Defendants paid Plaintiff proper wages during his employment.

156.    Any actions that Defendants took in connection with Plaintiff were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the New York or federal Departments of Labor.

157.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or NYLL.

158.    To the extent discovery reveals that Plaintiff falsely reported his hours, and there is no evidence that Defendants knew or should have known that he was providing false information regarding his hours, Defendants hereby invoke the doctrine of estoppel to bar Plaintiff's claims.

159.    To the extent Plaintiffs or any of them failed to satisfy all of the conditions precedent to filing suit under the New York State Human Rights Law, New York Executive Law § 290, et seq. ("NYSHRL"), or the New York City Human Rights Law, New York City Administrative Code § 8-107, et seq. ("NYCHRL"), including failure to exhaust administrative remedies, their claims are barred.

160.    To the extent any of Plaintiffs' purported Title VII claims concern events alleged to have occurred more than 300 days before the filing of their Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), such claims are barred as untimely.

161.    To the extent Plaintiffs' Complaint purports to assert or attempts to assert any Title VII, NYSHRL or NYCHRL claims other than those contained in any Plaintiff's Charge of

Discrimination filed with the EEOC, NYSDHR or NYCCHR, such claims are barred for failing to fulfill all the conditions precedent to maintaining such claims and otherwise are time-barred.

162.    To the extent Plaintiffs' NYCHRL or NYSHRL claims concern events alleged to have occurred more than three years before the filing of this suit, such claims are barred.

163.    The employment actions taken by Defendants, if any, with respect to Plaintiff were based solely on legitimate, non-discriminatory factors other race.

164.    Defendants have taken reasonable care to prevent and remedy promptly any incidents of alleged race or other discrimination brought to management's attention. Defendants have policies banning sex, race or other discrimination in the workplace and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.

165.    Any instances of discriminatory or harassing conduct by managers of the restaurant, the occurrence of which Defendants expressly deny, would have contravened Defendants' good faith efforts to enforce and follow Title VII and other anti-discrimination laws. Defendants have issued policies and established procedures for addressing complaints of alleged discrimination and have promulgated, taught, and enforced those policies and procedures in its workforce. Defendants are therefore not liable for punitive or liquidated damages, for any such acts.

166.    Plaintiffs are not entitled to recover punitive or liquidated damages because Defendants have made good-faith efforts to comply with and enforce all applicable anti-discrimination and anti-harassment laws and, at all relevant times, has acted reasonably, in good faith and without malice based upon all relevant information and facts and circumstances known by

167.    To the extent Plaintiffs establish any instances of harassing or discriminatory conduct (the occurrence of which Defendants expressly deny), Defendants took prompt and affirmative action to remedy such acts and therefore have no liability for them.

168.    Defendants are not liable with respect to any and/or all of the NYCHRL claims alleged in Plaintiff's complaint because any employee who allegedly discriminated against Plaintiff, the existence of which Defendants expressly deny, was not an "agent" who "exercised managerial or supervisory responsibility."

169.    If any employee of Defendants engaged in any unlawful discriminatory practice, which Defendants expressly deny, Defendants are not liable with respect to any and/or all of Plaintiff's purported NYCHRL claims because: (1) Defendants did not know of or acquiesce to any employee's or agent's discriminatory conduct; (2) Defendant did not fail to take immediate and appropriate corrective action upon learning of any discriminatory conduct; (3) there is no basis for concluding that Defendants should have known of the employee's or agent's discriminatory conduct; and (4) Defendants did not fail to exercise reasonable diligence to prevent such discriminatory conduct.

170.    Punitive damages are not an appropriate remedy under the NYSHRL.

171.    Attorneys' fees are not an appropriate remedy under the NYSHRL.

172.    Defendants are not liable for punitive damages under either Title VII, the NYCHRL or any other law because neither Defendants nor any of their officers, directors and/or "managerial agents" and/or "agents" ever: (1) intentionally engaged in any unlawful employment practices with malice or reckless disregard for Plaintiff's protected rights; or (2) actually discriminated against Plaintiff;

173.    Defendants are not liable for punitive damages under Title VII because any employee who allegedly discriminated against Plaintiff, was not a "managerial agent" for Defendants and/or was not acting within the scope of his or her employment. Even if an employee who committed any acts found to have been discriminatory was a "managerial agent" and was acting within the scope of his or her employment, the alleged discrimination was contrary to Defendant's good-faith efforts to comply with Title VII, and therefore punitive damages may not be imposed against Defendants.

174.    Plaintiff has failed to comply with his duty to mitigate and/or to reasonably attempt to mitigate alleged losses (their entitlement to recovery of which is expressly denied); alternatively, any claims for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits and benefits received or which would have been earned or received through good faith efforts to mitigate alleged damages.

## **RESERVATION OF RIGHTS**

175.    Defendants reserve the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this action.

## **COUNTERCLAIM AND THIRD PARTY COMPLAINT**

176.    Defendant-Counterclaim-Plaintiff and Third Party Plaintiff, Westside Tomato, Inc., ("Westside"), by its attorney, Scott Levenson, Esq., as and for its Counterclaim against Plaintiff-Counterclaim-Defendant, Ruth Sarit ("Sarit"), as well as for its Third Party Complaint against Third Party Defendant, Raudel Suarez ("Suarez"), alleges as follows:

## FACTS COMMON TO COUNTERCLAIM AND THIRD PARTY COMPLAINT

177.    At all times hereinafter mentioned, Westside operated a restaurant at 108 W. 73rd Street, New York, NY 10010 under the name "The Arte' Café."

178.    At all times hereinafter mentioned, Third Party Defendant, Suarez, was employed at Plaintiff's restaurant from on or about October, 2017 until May, 2018.

179.    At all times hereinafter mentioned, Plaintiff-Counterclaim-Defendant, Sarit, was employed at Plaintiff's restaurant from on or about November 13, 2017 until May 20, 2018.

180.    Upon information and belief, at the present time, Sarit and Suarez reside together at 2068 Evans Street, Apt. N., Fort Sill, OK 73503.

181.    Third Party Defendant, Suarez, is subject to personal jurisdiction in this Court because he, as a party to the fraud and conspiracy outlined below, committed a tortious act within this State when he conspired with Sarit to conceal their romantic relationship from Westside's management and fraudulently induce Westside into hiring Sarit.

182.    Throughout the duration of their employment, Sarit and Suarez were aware that Westside had a strict "anti-fraternization policy" that prohibited employees from becoming romantically involved with one another during the term of their employment.

183.    Both Sarit and Suarez were provided a copy of Westside's employee handbook which contains the anti-fraternization policy upon their commencement of employment, and both signed written receipts acknowledging their receipt of the handbook.

184.    Notwithstanding Westside's "anti-fraternization policy," and their express agreement to be bound thereby, the Suarez and Sarit were romantically involved prior to and during the term of their employment with Westside.

185.    Upon information and belief, during the term of their employment with Westside, Suarez and Sarit were either married or cohabitating, and upon further information and belief, they had a child together.

186.    Being fully aware of Westside's "anti-fraternization policy, Sarit and Suarez willfully, knowingly, and intentionally concealed their romantic involvement from Westside's management in order to fraudulently induce Westside to hire Sarit.

187.    Had Westside been aware of the romantic involvement between Sarit and Suarez, Westside would have never hired Sarit.

188.    During the term of Suarez and Sarit's employment with Westside, Suarez became romantically interested in another one of Westside's employees named Solomiya Kopot ("Mia").

189.    After Suarez expressed his romantic interest to Mia and she rebuffed his advances, Suarez began systematically sexually harassing Mia.

190.    Suarez would make inappropriate comments about Mia's breasts among other sexually suggestive and inappropriate comments.

191.    When Sarit found out about Suarez's romantic interest in Mia, Sarit embarked upon a campaign of stalking and harassment against her.

192.    Sarit's stalking of Mia became so severe that Sarit even maliciously damaged Mia's personal property.

193.    Suarez's sexual harassment and Sarit's stalking of Mia created a "hostile work environment" which caused other employees to quit, leaving Plaintiff's restaurant severely understaffed, and as a result, Plaintiff sustained significant losses.

194.    Ultimately, Mia complained to Westside's management about the Suarez and Sarit's actions against her as set forth above, and both of them were terminated.

## COUNT I

## (COMMON LAW FRAUD)

195.    Westside repeats and re-alleges each of the allegations included in the preceding

paragraphs as if set forth at length herein.

196.    Suarez and Sarit were fully aware of Westside's anti-fraternization policy at the time they

fraudulently induced Westside to hire Sarit.

197.    Suarez and Sarit were fully aware that Westside would not have hired Sarit if Westside's

management was aware that Suarez and Sarit were romantically involved with each other.

198.    Suarez and Sarit knowingly and intentionally concealed their romantic involvement from

Westside's management in an effort to fraudulently induce Westside to hire them.

199.    Suarez and Sarit's acts of agreeing to be bound by Westside's anti-fraternization policy

while simultaneously being romantically involved, amounted to a material misrepresentation that

was designed to induce Westside to rely thereupon.

200.    Westside did, in fact, rely on Suarez and Sarit's misrepresentations, and as a result of

such reliance, offered Sarit employment.

201.    Westside relied on Suarez and Sarit's misrepresentations to its detriment in that the

"hostile work environment" that was created by Suarez's harassment of Mia, and Sarit's stalking

of Mia, caused Plaintiff to suffer losses.

## COUNT TWO
### (CIVIL CONSPIRACY)

202.    Westside repeats and re-alleges each of the allegations included in the preceding paragraphs as if set forth at length herein.

203.    Suarez and Sarit conspired with each other, and acted in concert to commit unlawful acts, as set forth above.  Each of them shared the same conspiratorial objective, which was to fraudulently induce Westside to Sarit even though they were both fully aware that Westside had an "anti-fraternization" policy that prevented employees from being romantically involved with each other while employed. Both Suarez and Sarit understood the objective of the scheme, accepted it, was an active and knowing participant in the scheme.

204.    Suarez and Sarit's conspiratorial scheme was carried out by the commission of the wrongful and overt acts set forth above.

205.    As a direct, proximate result of the operation and execution of the conspiracy, the Westside has been injured and suffered damages in an amount to be proven at trial.

## DEMAND FOR RELIEF

WHEREFORE, Defendants-Counterclaim Plaintiff, and Third Party Plaintiff request that this Court enter judgment as follows:

1.      Dismissing the Complaint in its entirety with prejudice;

2.      Awarding compensatory and punitive damages on the Counterclaim and Third Party Complaint;

3.      Awarding Defendants-Counterclaim Plaintiff, and Third Party Plaintiff reasonable attorneys' fees and the costs of this action.

4.      Awarding such other and further relief as this Court deems just and proper.


Dated:  New York, NY
          February 2, 2021

_____
Scott Levenson, Esq. (SL4422)
Attorney for Defendants-Counterclaim
and Third Party Plaintiff
625 W. 51st Street
New York, NY 10019
Tel. (212) 957-9200
Email: slevensonesq@gmail.com