UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH SARIT, *on behalf of herself and all others similarly situated*,<br><br>                  Plaintiffs,<br><br>     v.<br><br>WESTSIDE TOMATO, INC., *doing business as* ARTE CAFÉ, ROBERT MALTA, MARCO ORNETTI, and ERNESTO MATIAS LOPEZ,<br><br>                  Defendants. | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 02/26/2021<br><br><br>No. 18-CV-11524 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

    It has been reported to the Court that this Fair Labor Standards Act ("FLSA") case has been settled in principle. The deadlines for the filing of motions and the post-discovery conference scheduled for June 18, 2021, *see* Dkt. 81, are accordingly adjourned *sine die*. No later than March 26, 2021, the parties shall take one of the following three actions:

1. Consent to conducting all further proceedings before Magistrate Judge Gorenstein by completing the consent form available at http://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. As the form indicates, no adverse substantive consequences will arise if the parties choose not to proceed before Judge Gorenstein.

2. Submit a stipulation or notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41.

3. Submit a joint letter setting forth their views as to why their settlement is fair and reasonable and should be approved, accompanied by all necessary supporting

materials, including contemporaneous billing records for the attorney's fees and costs provided for in the settlement agreement. In light of the presumption of public access attaching to "judicial documents," *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the parties are advised that materials on which the Court relies in making its fairness determination will be placed on the public docket, *see Wolinsky v. Scholastic Inc.*, No. 11-CV-5917 (JMF), 2012 WL 2700381, at *3–7 (S.D.N.Y. July 5, 2012).

The parties are also advised that the Court will not approve of settlement agreements in which:

(a) Plaintiffs "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (internal quotation marks omitted); and

(b) Plaintiffs are "bar[red] from making any negative statement about the defendants," unless the settlement agreement "include[s] a carve-out for truthful statements about [P]laintiffs' experience litigating their case," *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks omitted).

SO ORDERED.

Dated: February 26, 2021
       New York, New York

Ronnie Abrams
United States District Judge