## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of the day of April 2021 by and between Plaintiff, RUTH SARIT ("Sarit") and Third-Party Defendant RAUDEL SUAREZ on the one hand (herein collectively referred to as "Plaintiffs"), and Defendants, WESTSIDE TOMATO, INC. d/b/a ARTE CAFÉ, ROBERT MALTA, MARCO ORNETTI and ERNESTO MATIAS LOPEZ (hereinafter collectively referred to as "Defendants") on the other hand. SARIT, SUAREZ and WESTSIDE TOMATO INC., MALTA, ORNETTI, and LOPEZ are collectively referred to herein as the "Parties."

WHEREAS, SARIT and SUAREZ was employed by WESTSIDE TOMATO, INC. d/b/a ARTE CAFE from December 2015 until their terminations in May 2018; and

WHEREAS, SARIT and SUAREZ, via counsel, sent a Notice of a Lawsuit and Request to Waive Service of a Summons, Summons in Lieu, and filed Verified Complaint (the "Complaint and Summons") to Defendants dated January 4, 2019 claiming, *inter alia*, that during SARIT'S employment with WESTSIDE TOMATO, INC. d/b/a ARTE CAFE, she experienced discrimination and assault at the workplace and was not paid in accordance with the Fair Labor Standards Act and the New York Labor Law; and

WHEREAS, on December 10, 2018, SARIT commenced an action, on behalf of herself and a putative class and/or collective, in the United States District Court for the Southern District of New York, captioned Sarit v. Westside Tomato, Inc. et al. (the "Court Action"), against Westside Tomato, Inc. d/b/a Arte Café, Mr. Malta, Mr. Ornetti, and Mr. Lopez asserting claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), Retaliation in Violation of Title VII ("Title VII"), and Battery ("Battery"); and

WHEREAS, Defendants denied and continue to deny all allegations of wrongdoing against them; and claim Common Law Fraud and Civil Conspiracy against Plaintiffs; and

WHEREAS, Plaintiffs denied and continue to deny all allegations of wrongdoing against them; and

WHEREAS, it is understood by the Parties that this Agreement is solely and exclusively for the purpose of the settlement and compromise of disputed claims and that the execution of this Agreement is not to be construed as or considered to be an admission of any liability, fault, or wrongdoing of or by Defendants or any of their officers, principals, or employees or any other Released Parties as defined herein; and, it being further understood and agreed that all such Parties have denied and continue to deny any such liability, fault, or wrongdoing as to Plaintiffs' claims against them; and

WHEREAS, in the interest of efficiently resolving the dispute, and in order to avoid the costs, inconvenience and uncertainty inherent in any potential litigation, the Parties wish to fully and finally resolve and settle any and all disputes and claims between them; and

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and

1

promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereby agree as follows:

1. <u>Payment</u>. Defendants agree to pay Plaintiffs the total sum of Twenty Thousand Dollars ($20,000.00) (the "Settlement Sum"), less applicable taxes and deductions, to resolve the Court Action, subject to judicial approval of this Agreement. The Settlement Sum shall be provided by check made payable to Lurie Strupinsky Client Trust Account as counsel for Ruth Sarit and Raudel Suarez within ten (10) calendar days of judicial approval of this Agreement (the "Effective Date") and delivered to Joshua M. Lurie, Esq. as counsel for Ruth Sarit and Raudel Suarez, Lurie Strupinsky, LLP, 15 Warren Street, Suite 36, Hackensack, New Jersey 07601. Payment shall be paid in five (5) equal consecutive monthly installments of Four Thousand Dollars ($4,000.00) each commencing on April 1, 2021 until and through all payments have been made in accordance with this paragraph.

2. <u>Taxes</u>. Defendants will remit a W2 by January 31, 2022 showing Ten Thousand Dollars ($10,000) paid to Plaintiffs and remit a 1099 statement by January 31, 2022 showing Ten Thousand Dollars ($10,000) paid to Plaintiffs' counsel.

3. <u>Approval of Settlement and Dismissal of Action.</u> The Parties agree that, through their respective counsel, they will take all necessary steps to dismiss the Court Action. Plaintiffs, through counsel, will submit this Agreement to the Court for approval by April 9, 2021. Within three (3) business days of the Court's approval of this Agreement, and the final payment due herein, the Parties agree that Plaintiffs' counsel shall file with the Court a Stipulation of Dismissal signed by the Parties.

4. <u>Releases</u>

a. <u>Sarit Release of Claims</u>. In return for the consideration set forth in Paragraph I above, Plaintiff, her administrators, attorneys, representatives, successors and assigns hereby voluntarily, irrevocably and unconditionally releases and forever discharges Defendants Westside Tomato, Inc. d/b/a Arte Café, Robert Malta And Marco Ornetti from all wage and hour claims against them, and their heirs, executors, administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees (the "Covered Group") under the Fair Labor Standards Act, the New York Labor Law or the common law of New York or any other state or jurisdiction, which Plaintiff asserted or could have asserted in this Action, including, but not limited to, any claims in any way related to (1) Plaintiff's employment or the termination of that employment, claims for compensation, bonuses, commissions, lost wages, or unused accrued vacation or sick pay; (2) the design or administration of any employee benefit program; (3) any rights Plaintiff may have to severance or similar benefits or to post-employment health or group insurance benefits; or (4) any Claims to attorneys' fees or other indemnities.

b. <u>Mutual Releases as to All Other Claims</u>

In return for the consideration set forth in Paragraph 1 above, Plaintiff and Raudel Suarez,

their heirs, executors, administrators, attorneys, representatives, successors and assigns, hereby voluntarily, irrevocably and unconditionally releases and forever discharges Defendants from any claims they have, or may have against Defendants, and their heirs, executors, administrators, attorneys, representatives, successors and assigns administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees, from any and all other rights, manner of action and actions, cause and causes of action, sums of money, covenants, contracts, controversies, agreements, promises, damages, claims and demands of whatsoever kind, in law or equity, **except those set forth in Paragraph 5(a) above**, which Plaintiff and Suarez now have, or has ever had, against Defendants for, upon or by reason of any matter, cause or claim of whatsoever kind, existing on or prior to the time of the execution of this Agreement, whether known or unknown, for the actions set forth in the recitals herein and consistent with the consideration and mutual obligations set forth in this Agreement. Any claims or causes of action not specifically set forth in the recitals and consistent with the consideration and mutual obligations set forth herein, or not logically the natural result thereof, are not subject to the within release.

Similarly, in return for the consideration set forth in Paragraph I above, Defendants, their heirs, executors, administrators, attorneys, representatives, successors and assigns, its administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees hereby voluntarily, irrevocably and unconditionally releases and forever discharges Sarit and Suarez from any claims they have, or may have against Applicants, and their heirs, executors, administrators, attorneys, representatives, successors and assigns administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees, , from any and all rights, manner of action and actions, cause and causes of action, sums of money, covenants, contracts, controversies, agreements, promises, damages, claims and demands of whatsoever kind, in law or equity which Defendants now have, or has ever had, against Sarit and/or Suarez for, upon or by reason of any matter, cause or claim of whatsoever kind, existing on or prior to the time of the execution of this Agreement, whether known or unknown, for the actions set forth in the recitals herein and consistent with the consideration and mutual obligations set forth in this Agreement. Any claims or causes of action not specifically set forth in the recitals and consistent with the consideration and mutual obligations set forth herein, or not logically the natural result thereof, are not subject to the within release.

c. The Parties hereto warrant to one another that, other than those claims set forth herein, no other claims exist, are contemplated, or are to be filed against the other Parties hereto.

    5.    <u>Ownership of Released Matters</u>. Plaintiffs hereby warrant and represent that Plaintiffs are the sole and lawful owners of all rights, title, and interest in and to all claims

released pursuant to Paragraph 4 above, and that Plaintiffs have not heretofore assigned or transferred, or purported to assign or transfer, any of such released claims, in whole or in part, to any other person or entity.

6. **Acknowledgments and Affirmations.** Sarit affirms that she has neither filed nor caused to be filed, and is not presently a party to, any claim against any of the Released Parties, except for the Court Action. Sarit also affirms that the Settlement Sum represents payment of all salary, compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled.

7. **No Oral Modifications.** The provisions of this Agreement may be modified only by written agreement of all Parties. The terms or provisions of this Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties. This Agreement may not be assigned by Plaintiffs.

8. **Counterparts.** This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one Agreement. Further, this Agreement may be executed by facsimile or PDF. Execution by facsimile or PDF shall be deemed to be execution in the original in accordance with New York law.

9. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and heirs.

10. **Further Assurances.** The Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

11. **Entire Agreement.** All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the settlement of the Court Action are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the settlement of the Court Action. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the settlement of the Court Action are merged herein. This Agreement may not be terminated or modified except by a writing signed by all Parties. The Parties agree that this Settlement Agreement contain the Parties' full and complete agreement with respect to the settlement of the Court Action.

12. **Joint Authorship.** This Agreement is the result of negotiations between the Parties. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

13. **Attorneys' Fees and Costs.** Other than as set forth herein, each party shall bear its or his/her/its own attorneys' fees and costs incurred through the execution of this

4

Agreement.

      14.    <u>Headings</u>. The paragraph headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

      15.    <u>Governing Law</u>. This Agreement shall be construed under and governed by the laws of the State of New York, notwithstanding any choice of law provision or principle to the contrary except as to the FLSA claims which are to be construed as interpretated by the laws of the United States of America.

      16.    <u>Advice of Counsel</u>. Each person executing this Agreement represents that he/she/it has consulted with an attorney prior to signing this Agreement. Plaintiffs represent that they have determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon his independent judgment after consulting with counsel. In making this determination, Plaintiffs have had an adequate opportunity to discuss and assess the merits of all his claims and potential claims with his counsel.

      17.    <u>Disputes</u>. Any disputes arising out of or related to this Settlement Agreement and Release, whether related to construction or performance, shall be subject to the exclusive jurisdiction of the courts of competent jurisdiction located in the United States District Court for the Southern District of New York to the exclusion of all other jurisdictions. Nothing herein shall be construed as to be an admission or consent to jurisdiction, either personal or subject matter, over any party to this Agreement and each party shall reserve the right, in any dispute, to argue lack of jurisdiction.

**The Undersigned enter this Settlement Agreement and Mutual Release knowingly and voluntarily.  No one has forced us to enter this Settlement Agreement and Mutual Release.**

Dated: _____          Ruth Sarit

                                                  _____
_____           RUTH SARIT
WITNESS

Dated: _____          Raudel Saurez

                                                  _____
_____           RAUDEL SAUREZ

5

WITNESS

Dated: June 3, 2021                    Westside Tomato, Inc.

                                       By: *Robert Malta* (signature)
                                       Name: Robert Malta
                                       Title: President

*(signature)*
WITNESS

Dated: 6/3/2021                        Robert Malta

                                       *Robert Malta* (signature)
                                       ROBERT MALTA

*(signature)*
WITNESS

Dated: 6/3/2021                        Marco Ornetti

                                       *(signature)*
                                       MARCO ORNETTI

_____
WITNESS

Dated: _____               Ernesto Matias Lopez


                                       _____
                                       ERNESTO MATIAS LOPEZ

_____
WITNESS

6